Palmer v. Craddock.

OCTOBER 26, 1802.

# Henry Palmer v. Craddock and Barbee, Commissioners for Building the Danville Court House.

*Upon an appeal from a judgment of the Court of Quarter Sessions of Mercer county.*

1. The county courts in this state are authorized by law to levy on the tithables within their respective counties such sums as have been incurred by their county under the authority of any law.

2. A sheriff who has collected a county levy can not be heard to object, when required to pay over the money, that the county court had no authority to lay the levy.

3. A sheriff has no right to object to paying money to a county creditor to whom the county court directed it to be paid in their levy.

4. The court of quarter sessions has no jurisdiction of a motion by a county creditor against a sheriff for judgment for the amount of his claim.

The first error is, that the county court had no power to levy the sum on the tithables of Mercer county, which they have done for building the court-house in Danville; the second error is, that the plaintiffs in this motion had no right to receive the money from the order of court. These two errors may be considered together, and the reasoning as to one will apply to the other. The county courts are authorized by law to levy on the tithables within their respective counties, such sums as have been incurred by their county, under the authority of any law. The 30th section of the act of 1795, entitled "An act to establish district courts in this commonwealth," has directed the manner in which court-houses and jails shall be furnished for the use of the district courts; but whether that section of the law would in this case warrant the county court of Mercer in levying this sum, the court conceives it unnecessary to determine, because they are of opinion that if the county court were even not warranted by any law to lay this levy, the sheriff, who has by their order collected it, ought not to be permitted to make the objection; neither has he a right to object to whom the county court direct any sum to be paid in their levy.

The third error is, "That the court of quarter sessions had no jurisdiction of the motion."

The fourth section of the act concerning county levies, authorizes any county creditor, who may be injured by the delinquency of a sheriff, or collector, to move against him in the court of that county where the delinquency happens. It is contended by the counsel for the appellees that the court of quarter sessions is a court of the county, and that it has jurisdiction; but the court, from an inspection of the different laws, is of opinion that the expressions, "court of the county" and "county court" are convertible terms and are used in the different laws as descriptive of the county court contradistinguished from the courts of quarter sessions; and that for this error the said judgment must be reversed with costs, which is ordered to be certified to the said court.